IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| BOP Register No. 90804-083, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-2069-G-BN |
| | § | |
| WARDEN ZOOK, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Shapat Nabaya, also known as Norman Abbott, a federal prisoner incarcerated (but not convicted) in this district, filed this habeas action under 28 U.S.C. § 2241, requesting that this Court expedite the consideration of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and "immediately release him from restraints of unconstitutional statutes." Dkt. No. 2. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

> Nabaya
> 
> is a serial filer with a history of bringing meritless cases ... against public officials. *See, e.g., United States v. Nabaya*, No. 3:14-cv-835 (HEH), 2015 WL 300499 (E.D. Va. Jan. 22, 2015); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86 (D.D.C. 2014); *Abbott v. Trant*, No. 09-cv-2337, 2009 WL 4899214 (D.D.C. Dec. 9, 2009). In January 2015, based on Nabaya's "historically meritless" litigation against the IRS, a federal judge in the Eastern District of Virginia permanently enjoined him from filing tax lawsuits in any federal court without first seeking leave to do so. *See Nabaya*, 2015 WL 300499, at *1, *3.

> While there are, unfortunately, some people like Nabaya who abuse our country's legal system in this way, he has earned the unusual distinction of being convicted for it[, as ]Nabaya was indicted in the Eastern District of Virginia for his "*pro se* legal crusade" against an IRS Revenue Officer known as Wally Stark, in the course of which he filed multiple vexatious and harassing lawsuits against Stark in state and federal court.

*Nabaya v. Aber*, Civ. A. No. 17-440 (TJK), 2018 WL 1583311, at *1 (D.D.C. Mar. 31, 2018) (citation omitted).

He now stands "convicted following a jury trial of retaliating against a federal officer by false claim, 18 U.S.C. § 1521 (2012), and false statement in bankruptcy, 18 U.S.C. § 152(3) (2012)," for which "[t]he district court imposed an upward variance sentence of 71 months' imprisonment on the § 1521 offense and 60 months on the § 152 offense, to run concurrently." *United States v. Nabaya*, 765 F. App'x 895, 897 (4th Cir. 2019) (per curiam); *see also United States v. Nabaya*, No. 3:17-cr-003 (E.D. Va.). And the United States Court of Appeals for the Fourth Circuit has affirmed the judgments against him. *See Nabaya*, 765 F. App'x at 897.

Nabaya attaches to his Section 2241 petition a July 8, 2020 order from the Eastern District of Virginia reflecting that he has filed a motion for compassionate release in that district, where he was convicted and sentenced, *see* Dkt. No. 2 at 3-4, but Nabaya argues that his current "[Section] 2241(c)(3) claim [supersedes] the compassionate release motion," *id.* at 1.

"A Section 2241 petition may be granted if the inmate 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). But

"[a] compassionate release request is not a matter of illegal or unconstitutional restraint." *Id.*

> Rather, "§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019). "The terms of neither the statute nor its policy statement provide release on the basis of arguments ... that were or could have been raised on direct appeal or in a § 2255 motion." *Id.* Thus, the [United States Court of Appeals for the] Third Circuit questioned "whether an alleged sentencing error that was correctible in prior proceedings could ever be an 'extraordinary and compelling reason' for release under § 3582(c)(1)(A)(i)." *Id.*

*United States v. Woods*, No. 1:17CR118-LG-JCG-2, 2020 WL 4318758, at *1 (S.D. Miss. July 27, 2020).

And a Section 2241 petition based on compassionate release, particularly one brought in the district of incarceration, not the district of conviction, "must be dismissed for lack of jurisdiction." *Himmel v. Upton*, No. 4:18-cv-804-O, 2019 WL 1112923, at *2 (N.D. Tex. Mar. 11, 2019) (footnote omitted); *see id.* at *2 n.6 (observing that the United States Court of Appeals for the Fifth Circuit "has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion." (citing *Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) (per curiam) ("Because Landazuri did not file this [§ 3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); citation omitted)).

Further, if Nabaya's Section 2241 petition may be construed as challenging his underlying convictions, *see* Dkt. No. 2 at 1 (asserting that the statutes under which he was convicted are unconstitutional, that "no claims of offense is noted on the

- 3 -

record," and that he did not enter a plea),

> [a] § 2241 petition and a [28 U.S.C.] § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism for collaterally attacking a federal sentence, and a § 2255 motion must be filed with the sentencing court. *Id.* "A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). A prisoner challenging the validity of his conviction ordinarily must do so under § 2255 and may proceed under § 2241 only if he shows that his § 2255 remedy was inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

*Lewis v. McConnell*, 783 F. App'x 442, 442 (5th Cir. 2019) (per curiam) (citation modified); *see also Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016) (per curiam) ("A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion. [*Tolliver*, 211 F.3d] at 877-78. However, under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); see also § 2255(e).").

Nabaya fails to show why the challenge(s) to the constitutionality of his convictions that he now makes under Section 2241 in this district, even if considered successive, cannot be made under Section 2255 in the district where he was convicted and sentenced. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("[A]s [28 U.S.C. § 2255(h)(2)] speaks only to intervening [United States] Supreme Court decisions based on constitutional grounds, the provision does not provide any avenue through which a petitioner could rely on an intervening Court decision based

on the substantive reach of a federal statute." (citations omitted)).[1]

As established in *Reyes-Requena*, to successfully invoke the savings clause in this circuit, a petitioner "must show that his claims are 'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense' and were 'foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion.'" *Robinson*, 812 F.3d at 477 (quoting *Reyes-Requena*, 243 F.3d at 904; citing *Jeffers*, 253 F.3d at 830-31). But Nabya fails to identify a retroactively applicable Supreme Court decision.

And, absent the savings clause, the Court is without jurisdiction to consider a Section 2241 petition attacking Nabaya's underlying convictions. *See, e.g., Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-

---

[1] *See also Brown v. Caraway*, 719 F.3d 583, 597 (7th Cir. 2013) ("A motion under § 2255 could reasonably be thought 'inadequate or ineffective to test the legality of [the prisoner's] detention' if a class of argument were categorically excluded, but when an argument is permissible but fails on the merits there is no problem with the adequacy of § 2255."); *Karr v. Kallis*, No. 19-cv-1037-JES, 2019 WL 3416653, at *3 (C.D. Ill. July 9, 2019) ("The savings clause is restricted to cases of statutory interpretation because appropriate cases of constitutional interpretation can be brought in second or successive § 2255 motions under § 2255(h)(2).").

clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

## Recommendation

The Court should dismiss Petitioner Shapat Nabaya's 28 U.S.C. § 2241 petition without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 7, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE